IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JIMITA RACHEL DIXON, ET AL.,  :
      Plaintiffs  :  CIVIL NO. 3:CV-16-887
  v.  :
        :  (Judge Conaboy)
CO BLANTANT, ET AL.,  :
      Defendants  :

FILED SCRANTON
JUL 0 6 2016
PER _____ DEPUTY CLERK

**MEMORANDUM**
**Background**

Jimita Rachel Dixon, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a request for leave to proceed in forma pauperis. See Docs. 2 & 10.

Named as Defendants are Secretary John Wetzel of the Pennsylvania Department of Corrections (DOC), and two SCI-Muncy officials, Superintendent Robert Smith, and Correctional Officer Blantant. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Plaintiff contends that while housed in the SCI-Muncy

1

Restricted Housing Unit (RHU)[1] on November 3, 2015 Blantant "treated me indifferent" by refusing to give her the hotline so that she could file a report against Correctional Officer Jody Winder who "took my memory" and their child ten years ago.[2] Doc. 1, p. 2. Blantant allegedly yelled at the Plaintiff and subjected her to verbal threats.

The Complaint also contains clearly delusional allegations such as Dixon's contention that in the early 90s she saw Blantant at the Pittsburgh zoo and he apologized for the actions which would take place in the future at SCI-Muncy during 2015. See id. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's

---

[1] Dixon states that she was held in a section of the RHU for inmates with special needs.

[2] In a prior action filed with this Court Inmate Dixon described herself as having mental health issues. See Dixon v. Wetzel, et al., Civil No. 3:16-cv-759.

2

complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Habeas Corpus**

Plaintiff seeks as partial relief, a pardon. See Doc. 1, ¶ VI. Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's request to be pardoned is not properly asserted in a civil rights complaint. Accordingly, her request will be dismissed without prejudice to any right Dixon may have to pursue such relief via a properly filed federal habeas corpus petition.

**Verbal Threats**

According to the Complaint, Plaintiff was subjected to verbal

threats and harassment by Defendant Blantant. There is no assertion that any of those purported statements were accompanied by any physical abuse or that there was any instance where Blantant subjected Dixon to excessive use of force.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v.

4

Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Dixon by Blantant was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**Personal Involvement**

As noted earlier the named Defendants include DOC Secretary Wetzel and Superintendent Smith of SCI-Muncy. Despite a liberal

review of the pro se Complaint, there are no discernible factual allegations set forth in the Complaint which allege that any of those Defendants had personal involvement in any violation of the Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

6

Rode, 845 F.2d at 1207.

In the present case, there are no factual assertions set forth which could support a claim that either Secretary Wetzel or Superintendent Smith had any personal involvement in any acts of constitutional misconduct. Accordingly, it appears that Dixon is attempting to establish liability against those two officials solely on the basis of their respective supervisory capacities. Accordingly, under the personal involvement pleading requirements of Rode, dismissal will be granted in favor of Defendants Wetzel and Smith.

**Delusional Claims**

The United States Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible ...." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (stating that baseless factual contentions describe scenarios clearly removed from reality).

As discussed earlier, the Complaint includes outlandish and delusional claims ahich seem to be part of an imaginary scenario created by Plaintiff.

Fantastic, delusional, and simply unbelievable claims are subject to dismissal. See Golden v. Coleman, 429 Fed. Appx. 73 (3d Cir. 2011). While this Court is sympathetic to the needs of inmates suffering from mental and emotional problems, Dixon's pending claims fall within the category described above and as such will be sua sponte dismissed under the standards announced in

7

Denton and Golden.

**Conclusion**

Since Dixon's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 6th, 2016